UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN DOE OF CONNECTICUT
and JOHN DOE OF FLORIDA,

    Plaintiffs,

v.                     Case No. 10-C-0911

RICK RAEMISCH et al.,

    Defendants.

## DECISION AND ORDER

Plaintiffs challenged the constitutionality of Wisconsin's sex offender registration and notification statute, Wis. Stat. §§ 301.45, 301.46 (2009-10), as applied to individuals whose convictions preceded the statute's effective date. Plaintiffs were both convicted of sex crimes in Wisconsin prior to the statute's effective date, and were therefore subject to the laws. Plaintiffs raised six constitutional claims, including that the sex offender registration laws impose punishment in violation of the *ex post facto* clause, and that the laws violate Plaintiffs' constitutional rights under the Fourteenth and First Amendments. On August 28, 2012, the Court issued an order rejecting all but one of Plaintiffs' claims. The Court found for the Plaintiffs only insofar as it held that the § 301.45(10) requirement that Plaintiffs pay a $100 annual assessment constituted an unconstitutional *ex post facto* fine, and enjoined prospective collection of the fee from the Plaintiffs. The Court otherwise granted qualified immunity to the defendants, and awarded no damages. Pursuant to Federal Rule of Civil Procedure 59(e), both parties filed motions for

reconsideration of the Court's decision. On January 4, 2013, the Court issued a decision denying both motions. Before me now is Plaintiffs' motion for an award of fees and costs pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, as amended, 42 U.S.C. § 1988.

The Civil Rights Attorney's Fees Awards Act grants the court discretion to award reasonable attorneys' fees to a prevailing party in an action brought pursuant to 42 U.S.C. § 1983. A prevailing party is one that succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby,* 506 U.S. 103, 109 (1992) (citation omitted) (interpreting 42 U.S.C. § 1988). When a prevailing party is entitled to a reasonable attorney's fee, "the district court must make that assessment, at least initially, based on a calculation of the 'lodestar'–the hours reasonably expended multiplied by the reasonable hourly rate–and nothing else." *Johnson v. GDF, Inc.*, 668 F.3d 927, 929-30 (7th Cir. 2012) (citing *Pickett v. Sheridan Health Care*, 664 F.3d 632, 640-43 (7th Cir. 2011)). A district court has significant discretion in determining the lodestar amount so long as the determination is not based on irrelevant considerations and the conclusion is not unreasonable. *Id.*; *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."); *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010) (explaining that because "determining what qualifies as a 'reasonable' use of a lawyer's time is a highly contextual and fact-specific enterprise, we have granted wide latitude to district courts in setting awards of attorney's fees, for neither the stakes nor the interest in uniform determination are so great as to justify microscopic appellate scrutiny.") (quotations omitted).

The lodestar may be adjusted in certain cases so long as any increase or decrease is not arbitrary. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S.Ct. 1662, 1673-74 (2010); *Hensley*, 461 U.S.

2

at 436. Where, as here, a plaintiff prevails on only part of his or her interrelated claims, the "district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37. In determining what constitutes a reasonable reduction, the Seventh Circuit has counseled:

> [p]recision is impossible in such calculations, and the district court is entitled to considerable discretion in arriving at an award that it deems reasonable. Nevertheless, the district court must justify its decision. This explanation may be "concise," but it must still be an *explanation*—that is, a rendering of reasons in support of a judgment—rather than a mere conclusory statement.

*Sottoriva*, 617 F.3d at 976 (emphasis in original) (internal citations omitted). Where a plaintiff is only partially successful in his case, the most important factor in determining a reasonable attorney fee is the degree of success achieved. *Hensley,* 461 U.S. at 434 ("This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief.").

In particular, a "reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* at 440. In *Hensley*, the Supreme Court explained that based on the case before it, a fee award based on the full lodestar amount may have been reasonable in light of the substantial relief obtained, but had the plaintiffs "prevailed on only one of their six general claims, . . . a fee award based on the claimed hours clearly would have been excessive." *Id.* at 436. Here, there is no question that the lodestar amount would be excessive, as the Court considered and rejected the majority of the plaintiffs' claims. Plaintiffs prevailed solely on one specific aspect of one of their six claims. The issues, therefore, are (1) what amount constitutes a reasonable lodestar amount, and (2) what amount of reduction from the lodestar is justified.

3

### 1. Lodestar Calculation

Plaintiffs' counsel has submitted records indicating a total of 299.3 hours were spent on work related to this case. (James A. Walrath Aff. Ex. 1, ECF. No. 69-1; James A. Walrath Supp. Aff. Ex. 9, ECF. No. 85-2.) However, counsel also identified and subtracted from that total hours that were identifiably unrelated to the ex post facto claim and any hours that were deemed excessive, redundant, or otherwise unnecessary. (James A. Walrath Aff. Ex. 1, ECF. No. 69-1; Pl.'s Reply Br. 2, 8, ECF No. 85.)

The parties dispute to some extent the hours submitted in relation to the motions for reconsideration. Defendants argue that Plaintiffs should not be compensated for any time spent after the summary judgment decision and before Defendants filed their motion for reconsideration. Defendants argue these hours would only be attributable to the plaintiffs' own motion for reconsideration, which did not concern the ex post facto $100 registration fee. Despite having included *all* hours spent on the motions for reconsideration in their brief-in-chief, Plaintiffs concede in their reply brief that some of those hours–31.4 hours, to be exact–should be excluded. However, they contend that counsel's records reflect 5.4 hours of work specifically identifiable as related to the fee issue because counsel anticipated that Defendants would also be filing a motion for reconsideration. The Court agrees with the plaintiffs that the 5.4 hours are reasonably related to the issue on which they prevailed, and as such may be included.

As noted, Plaintiffs' counsel submitted an affidavit explaining the documentation of his attorney hours related to this case. He attached to the affidavit records documenting his time, as well as a chart displaying the total hours spent on the case and the hours included in his lodestar calculation. The chart reads as follows:

4

| Exhibit | Total time | Excluded time | Included time |
|---|---|---|---|
| [ECF No. 69]-4 | 64.3 | 14.3 | 50.0 |
| [ECF No. 69]-5 | 52.3 | .8 | 51.5 |
| [ECF No. 69]-6 | 100.9 | 2.3 | 98.6 |
| [ECF No. 69]-7 | 61.5 | 1.7 | 59.8 |
| [ECF No. 69]-8 | 9.4 | 0 | 9.4 |
| Total | 288.4 | 19.1 | 269.3 |

(James A. Walrath Aff. Ex. 1, ECF. No. 69-1.)

In their Brief in Response, Defendants appear to have erroneously used the *total* hours (labeled "Total time" on the chart) as opposed to the total hours *minus* hours spent on issues unrelated to the ex post facto claim (labeled "included time" on the chart). (*See* Def.'s Resp. Br. 11, ECF No. 84.) Plaintiffs' Reply Memorandum then repeats this error, stating the following in support of their updated calculation (adding new hours to Doc. 69-8 spent in filing their reply brief and subtracting the hours related to Plaintiffs' own reconsideration motion from Doc. 69-7):

> Based on the foregoing points, plaintiffs request that the Court grant a statutory attorneys fee award of $80,370.00 based on an hourly rate of $300 per hour for 267.9 hours of work and the following tally:
>
> Doc. 69-4 time (as to Doe of Connecticut prior to case consolidation) = 64.3 hours
> Doc. 69-5 time (as to Doe of Florida prior to case consolidation) = 52.3 hours
> Doc. 69-6 time (post-consolidation work to summary judgment) = 100.9 hours
> Doc. 69-7 time (post-summary judgment work): 61.5 minus 31.4 = 30.1 hours
> Doc. 69-8 time (fee petition work): 9.4 + 10.9 = 20.3

(Pl.'s Reply Br. 8.) Correcting for the parties' calculation error, and considering the exclusions discussed, the final totals should read:

Doc. 69-4 time (as to Doe of Connecticut prior to case consolidation) = **50.0** hours
Doc. 69-5 time (as to Doe of Florida prior to case consolidation) = **51.5** hours
Doc. 69-6 time (post-consolidation work to summary judgment) = **98.6** hours
Doc. 69-7 time (post-summary judgment work): 61.5 minus 33.1 = **28.4** hours
Doc. 69-8 time (fee petition work): 9.4 + 10.9 = 20.3

| Exhibit | Total time | Excluded time | Included time |
|---|---|---|---|
| [ECF No. 69]-4 | 64.3 | 14.3 | 50.0 |
| [ECF No. 69]-5 | 52.3 | .8 | 51.5 |
| [ECF No. 69]-6 | 100.9 | 2.3 | 98.6 |
| [ECF No. 69]-7 | 61.5 | **33.1** | **28.4** |
| [ECF No. 69]-8 [ECF No. 69]-9 | **20.3** | 0 | **20.3** |
| Total | 288.4 | 19.1 | **258.2** |

Accordingly, taking into account all excluded hours, counsel has submitted a total of 258.2 compensable hours.

Defendants argue that in addition to the specific reductions identified by Plaintiffs, the lodestar amount should not include some of the hours spent prior filing this lawsuit. Defendants contend that the records submitted date back to 2007 despite the lawsuit not being filed until October 2010; as a result, Defendants argue that the 24.6 hours recorded prior to 2010 should not be included. However, Defendants provide no reason for imposing this arbitrary cutoff. Rather, "[a]ttorneys' fees are available for work performed prior to filing a complaint. . . ." *ABM Sec. Servs, Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011). A review of the pre-2010 entries reveals no justification for excluding these hours from the lodestar. Consequently, they may reasonably be included.

6

The next step in determining the lodestar is to decide a reasonable hourly rate, which is typically determined by the prevailing market rate in the relevant community. "[T]he market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Bankston v. State of Ill.*, 60 F.3d 1249, 1256 (7th Cir. 1995) (quoting *Partington v. Broyhill Furniture Indus.*, 999 F.2d 269, 273-74 (7th Cir. 1993)). In turn, the "attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999) (quoting *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1315 (7th Cir. 1996)). Plaintiffs have submitted a $300 hourly rate based on counsel's level of experience and consistent with market rates charged by attorneys in similarly complex litigation. Defendants do not oppose the hourly rate. Because it is reasonable, the lodestar will be calculated based on $300 hourly rate.

Accordingly, the lodestar based on 258.2 hours expended at an hourly rate of $300, totals $77,460.

### 2. Lodestar Reduction

Plaintiffs prevailed on a sliver of one claim in their six-count complaint. Plaintiffs ultimately sought to enjoin Wisconsin's sex offender registration and notification law, arguing it (1) amounted to unconstitutional ex post facto punishment, (2) violated constitutional guarantees of equal protection and substantive due process, (3) violated Plaintiffs' rights to procedural due process, (4) constituted an unconstitutional legislative impairment of Plaintiffs' plea agreement contracts, (5) violated state laws protecting Plaintiffs' right of privacy, and (6) violated Plaintiffs' First Amendment rights. The only aspect of any of these claims that Plaintiffs prevailed on related to their first claim that the law constituted

unconstitutional ex post facto punishment. To this end, the Court agreed with the plaintiffs that the annual $100 registration fee imposed on plaintiffs was similar to a criminal fine, and therefore, it could not be applied to them retroactively. However, the Court rejected the bulk of Plaintiffs' ex post facto claim, explaining that both Wisconsin courts and the Supreme Court have repeatedly upheld sex offender registration laws as constitutional, non-punitive, civil regulatory regimes designed to promote public safety.

Consequently, a reduction in the lodestar is warranted here. Because a review of counsel's time logs reveals that it is difficult, if not impossible, to discern how many hours focused on the particular issue on which the plaintiffs prevailed, a general reduction is appropriate to reflect the limited degree of success in the case. *See Hensley*, 461 U.S. at 436-37. Simply dividing the number of claims equally would not be a reasonable basis upon which to determine an appropriate reduction, because some of the claims were more substantial than others. Therefore, it is necessary to consider the nature of the claims, as well as the limited extent of Plaintiffs' success to arrive at a reasonable reduction.

As both Plaintiffs and Defendants have identified, the ex post facto claim constituted Plaintiffs' primary challenge. Plaintiffs submit that because the ex post facto claim predominated the litigation, and it was on this claim that Plaintiffs received some relief, no more than a 25 percent reduction can be justified. They further urge that the $100 registration fee issue was inextricably tied to the entire ex post facto argument because it arises out of a common core of facts. But Plaintiffs fail to account for the fact that they also predominantly failed on this same claim. Plaintiffs' claims primarily revolved around the allegedly unconstitutional registration and reporting requirements imposed on them by Wisconsin's sex offender registration law. In that sense, Plaintiffs' claims are all related and derive from a common core of facts. However, the $100 registration fee constituted a distinct and severable requirement under the

8

law that the Court agreed was unconstitutional. This was based on facts that were separate from the reporting and registration requirements of the rest of the law–namely, the Court found that the plaintiffs received no services in exchange for their payment of the fee, and therefore, the fee appeared to serve no purpose other than punishment. Indeed, the limited and distinct nature of Plaintiffs' success is reflected in the Court's conclusion that while the $100 registration fee constituted an unconstitutional ex post facto fine, such a finding did not bar enforcement of the entire statute. Rather, enjoining Defendants from assessing any fees against Plaintiffs was held sufficient to cure the violation.

Accordingly, as the Court agrees that roughly three quarters of the focus in the case was on the ex post facto theory, a reduction of at least 25 percent is appropriate. However, a further reduction is necessary to reflect that the plaintiffs prevailed on only a small part of their ex post facto claim. In reviewing the complaint, the summary judgment briefs, and the Court's summary judgment decision, a further 80 percent reduction is reasonable. This measure adequately takes into account both the relative weight of each of Plaintiffs' claims and also the limited nature of their success. It also reflects the distinct and severable nature of the part of the claim upon which Plaintiffs prevailed and the fact that they were largely unsuccessful as to the real crux of their case–their claims that the sex offender registration and notification requirements should be struck down as unconstitutional.

In sum, it is therefore reasonable that a 25 percent reduction in the lodestar amount is necessary to account for the time spent on liability theories upon which Plaintiffs did not prevail. Further, of the remaining portion representing Plaintiffs' work on the ex post facto claim, an additional 80 percent reduction is warranted to account for the very limited nature of Plaintiffs' success on that claim. These reductions are applied only to the time spent working on the case up to and including summary judgment.

Post-summary judgment hours spent responding to the defendants' motion for reconsideration and the time spent on the motion for attorney's fees should not be reduced because these hours were focused specifically on the $100 registration fee issue upon which the plaintiffs prevailed.

Therefore, based on the affidavits of Plaintiffs' counsel, 200.1 hours were spent prior to and including summary judgment (these are "mixed" hours, because they included time spent on successful and unsuccessful claims), 28.4 hours were spent on responding to Defendants' motion for reconsideration, and 20.3 hours were spent on the instant fee petition. (James A. Walrath Aff. Ex. 1, ECF. No. 69-1; James A. Walrath Supp. Aff. Ex. 9, ECF. No. 85-2; Pl.'s Reply Br. 2, 8, ECF No. 85.) Of these hours, only the 200.1 mixed hours are subject to reduction to account for the limited nature of Plaintiffs' success. Applying the 25 percent reduction to the 200.1 mixed hours results in a total of 150.08 approximate hours spent on the ex post facto claim in general. Further reducing that number by 80 percent results in 30.02 approximate hours spent on the plaintiffs' prevailing issue. Accordingly, adding 30.02 hours, plus the 28.4 and 20.3 post-summary judgment hours results in a total of 78.72 compensable hours. Multiplied by the $300 hourly rate, this results in a $23,616 attorney's fee award.

**THEREFORE, IT IS ORDERED** that Plaintiffs' Motion for an Award of Attorney Fees pursuant to 42 U.S.C. § 1988 is granted, and Plaintiffs are awarded attorney fees and costs in the amount of $23,616.

Dated this 29th day of March, 2013.

                                                      s/ William C. Griesbach
                                                     William C. Griesbach, Chief Judge
                                                     United States District Court